IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2020 FEB 25 PM 4:11

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. CR204-00013-1 |
| ) | |
| Derondell Jenkins, ) | |
| Defendant.  ) | |
| ) | |
| ) | |

## ORDER

Defendant Jenkins has motioned the Court to request that the Court apply the revisions made to good conduct time calculations, pursuant to the First Step Act of 2018, to his previously served federal sentence.

Defendant was sentenced in 2004 to 84 months custody, followed by 5 years supervised release, following his plea of guilty to possession with intent to distribute 3,990 grams of cocaine hydrochloride. Defendant satisfied service of that sentence on March 12, 2010, on which date his supervised release term began.

In February 2015, less than one month prior to the expiration of his supervised release term, Defendant was arrested by state authorities and charged with trafficking in cocaine. Such conduct was reported to the Court, and a supervised release violator's warrant was issued. Jenkins is presently serving a 30-year state custodial sentence as a result of that state arrest, and the federal warrant has been lodged as a detainer against his release.

Defendant argues that the provisions of the First Step Act relating to calculation of good time credit should be retroactively applied to his federal custodial term.

Application of such, according to Defendant, would have dictated an earlier release to his supervised release term and, resultingly, he would no longer have been on supervised release by the time of his state drug arrest. As such, the new state arrest could not constitute a violation of his federal supervised release term.

The Court disagrees with Defendant's reasoning on several fronts. First, to the extent that Defendant is arguing he should receive a reduced sentence pursuant to the First Step Act, Defendant is reminded that the sentence reduction provisions of that Act do not extend to offenses involving only the possession of cocaine hydrochloride, which is the substance Defendant was convicted in federal court of possessing with intent to distribute. Even assuming an *already served* sentence could somehow be reduced at this juncture, Defendant would be ineligible for such.

Second, while the First Step Act indeed mandated a change to the manner in which good time conduct is calculated and awarded by the Bureau of Prisons, that change did not become effective until July 2019. Again, Defendant completed service of his federal sentence in 2010, and he has not since been in federal custody.

Finally, even if Defendant is entitled to having a period of "over-served" custody applied to a future revocation sentence, his request for such is premature. Defendant's federal supervised release revocation hearing has not yet

JENKINS, Derondell
Order on Motion
Page 3

occurred. When it does, and assuming Defendant's supervised release term is revoked, the decision as to whether Defendant is entitled to additional credit for good time or time served against that revocation must be decided by the Bureau of Prisons. As set forth by the Government, if Defendant is dissatisfied with the Bureau of Prisons' response, he must fully exhaust his administrative remedies with that agency *before* seeking judicial relief, which he must do under 28 U.S.C. § 2241.

For all the reasons set forth above, Defendant's Motion is **DENIED**.

SO ORDERED this 25th day of FEBRUARY, 2020.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT